UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYLER DANCER, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

Case No. 1:23-cv-580

Hon. Hala Y. Jarbou

## ORDER

Plaintiffs are residents of Kalamazoo, Michigan.  In their 35-count complaint, they sue a variety of federal, state, and private entities and individuals.  The complaint stems from the alleged release of "hazardous air pollutants" by a paper mill in Kalamazoo operated by Defendant Graphic Packaging International ("GPI").  (Compl. 4, ECF No. 1.)  Before the Court is Plaintiffs' motion for a preliminary injunction against GPI and the State of Michigan, as well as a request to certify an undefined class of plaintiffs (ECF No. 117).   In response, GPI moves to strike the portion of Plaintiffs' motion that asks for class certification (ECF No. 123).

### I. PRELIMINARY INJUNCTION

Plaintiffs ask the Court to enter an order prohibiting GPI and the State of Michigan from "modifying the emissions permits for the North Kalamazoo GPI facility[.]"  (Pls.' Mot. for Prelim. Inj., ECF No. 117, PageID.4037.)  According to Plaintiffs, GPI has asked for changes to an existing air permit for its "paperboard machine" that includes "adding a continuous emission monitoring system (CEMS) to several boilers."  (*Id.*)  According to a news article cited by Plaintiffs, the new permit "would also modify the oxides of nitrogen emission limits to align with the CEMS, remove

old equipment and correct the capacity of fuel burning equipment." Fox 17 West Michigan, *EGLE seeking public comment on future of Graphic Packaging International* (Aug. 31, 2023).

"'[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)). The Court considers four factors when deciding whether to grant a preliminary injunction:

> (1) whether the movant has a "strong" likelihood of success on the merits;
>
> (2) whether the movant would otherwise suffer irreparable injury;
>
> (3) whether issuance of a preliminary injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc).

In general, "[t]hese factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction." *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). However, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). Moreover, irreparable harm is an "indispensable" requirement for a preliminary injunction, and "even the strongest showing" on the other factors cannot justify a preliminary injunction if there is no "imminent and irreparable injury." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019).

Plaintiffs' motion fails on the first factor. Plaintiffs do not identify a legal claim under which they are likely to succeed. This failure alone is sufficient to deny their request for a preliminary injunction.[1]

Plaintiffs' motion also fails on the second factor because they do not demonstrate the existence of irreparable harm without an injunction. In other words, Plaintiffs fail to show that any changes to GPI's permit will result in an increase in emissions, or that such an increase would adversely affect Plaintiffs. Indeed, Plaintiffs contend that *they* "interpret the proposed modifications of permit limits . . . as effectively raising GPI's permitted limit[.]" (Pls.' Mot. for Prelim. Inj., PageID.4038.) It is not clear how Plaintiffs reached this conclusion. At any rate, an increased limit does not necessarily mean increased emissions. Speculation does not suffice to carry Plaintiffs' burden.

Even if Plaintiffs are correct about an increase in emissions, Plaintiffs have not shown that they will be impacted, as Plaintiffs provide no evidence about their individual circumstances. *See Leary*, 228 F.3d at 739 ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion[.]"). Thus, Plaintiffs have not shown that they will be harmed.

Because Plaintiffs fail to satisfy the first two factors for granting a preliminary injunction, the Court need not analyze the other two factors. The Court will deny Plaintiffs' request.

## II. CLASS CERTIFICATION

Rule 23 of the Federal Rules of Civil Procedure governs class actions. "Rule 23 does not set forth a mere pleading standard"; "[a] party seeking class certification must affirmatively

---

[1] In their reply brief (ECF No. 128), Plaintiffs allude to 42 U.S.C. § 7410. However, a reply brief is not the proper place to raise new arguments. Also, Plaintiffs do not explain how that statute gives them a right to relief.

demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis,'" that all prerequisites have been satisfied. *Id.* at 350-51 (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982)). Rule 23 provides as follows:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder...is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These four prerequisites for class certification are referred to as "numerosity, commonality, typicality, and adequacy of representation." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). If the requirements of Rule 23(a) are met, Plaintiffs must also establish that the class satisfies one of the three types of class actions set forth in Rule 23(b).

Plaintiffs do not define their proposed class, so the Court cannot determine whether it satisfies any of the prerequisites for class certification. In addition, Plaintiffs make no attempt to show that their counsel is adequate and qualified to represent a class. *See Falcon*, 457 U.S. at 157 n.13 (noting that the adequacy-of-representation requirement "raises concerns about the competency of class counsel"). Plaintiffs' failure to define the class or to meaningfully address all of the relevant certification factors raises serious concerns about the ability of their counsel to represent a class. Accordingly, the Court will deny class certification.

### III. MOTION TO STRIKE

GPI asks the Court to strike Plaintiffs' request for class certification because a class is not pleaded in the complaint. Because the Court will deny Plaintiffs' request to certify a class, the Court will deny GPI's motion as moot.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiffs' motion for a preliminary injunction and for class certification (ECF No. 117) is **DENIED**.

**IT IS FURTHER ORDERED** that GPI's motion to strike (ECF No. 123) is **DENIED**.

Dated: December 27, 2023          /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE